# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| United States of America ex rel. | ) | |
|---|---|---|
| **DUSHON DECKER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 11 C 687 |
| | ) | |
| **NEDRA CHANDLER,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Dushon Decker has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Nedra Chandler, the warden of the state prison where Decker is incarcerated, has moved to dismiss the petition on the ground that it is untimely. For the reasons stated below, the Court grants Chandler's motion.

## Facts

On October 23, 1995, Decker pled guilty to first degree murder and was sentenced to a thirty-five year prison term. The transcript of Decker's guilty plea hearing shows that the trial judge told Decker that he would have to serve thirty days of mandatory supervised release (MSR) after he completed his prison sentence . Resp.'s Reply, Ex. A at 85. This was incorrect. Illinois law required a three year MSR term.

Decker did not take a direct appeal. He says he was satisfied with the terms of the plea agreement as he understood it and that he was unaware that the judge had erred in describing the length of the MSR term.

Decker alleges that in February 2006, a prison official told him that he would have to serve a three year MSR term. After he learned this, Decker says, he attempted to obtain the transcript of his guilty plea hearing. In an affidavit that he submitted in support of his state post-conviction petition, Decker states that he wrote to the clerk of the Circuit Court of Cook County to obtain the transcript. He received two responses in April 2006; the first requested his case number and the second said that his request was being forwarded to the court's criminal division. Decker Affid. ¶ 5. Decker says that he wrote to the court reporter's office on April 27, 2006 seeking the transcript but received no response. Id. Decker says that "[i]n a frustrated situation and after much time had passed[,] I sought outside help and support from my Church family member Mrs. Judy Garkey, she was able to obtain a copy of my transcripts." Id. ¶ 6. Decker says that he received the transcript on July 23, 2007. Id. Upon reading the transcript, Decker says, "I learned that I in fact had a due process issue[ ]" because the judge had advised him that his MSR term would be only six months. Id.

Decker filed a state post-conviction petition on August 30, 2007. In the petition, he argued that his constitutional rights were violated because he was not given the benefit of the bargain of his negotiated plea agreement. The state trial court denied the petition on the merits. The state appellate court affirmed, and the Illinois Supreme Court denied Decker's petition for leave to appeal on September 29, 2010. Decker did not file a petition for a writ of certiorari. He placed his federal habeas corpus petition in the mail on January 19, 2011, and the clerk received the petition on January 31, 2011.

Chandler has moved to dismiss, arguing that Decker's habeas corpus petition is time-barred. Chandler argues that the one year limitation period began to run in April

2

1996, when the law establishing the limitation period went into effect, and that the time for filing a habeas petition expired years before Decker filed both his state post-conviction petition and his federal habeas corpus petition.

In response, Decker argues that the limitation period did not begin until he learned the factual predicate for his claim. He contends that this did not happen until he obtained the guilty plea transcript in July 2007. Decker argues that the one year limitation period was tolled starting on August 30, 2007, when he filed his state post-conviction petition, and did not begin to run again until September 29, 2010, when the state supreme court denied his petition for leave to appeal. Decker filed his federal habeas corpus petition less than four months later, making it timely, he argues. Decker contends in the alternative that he is entitled to equitable tolling of the limitation period because he diligently pursued his rights once he was first notified that he would have to serve a three year MSR term.

In reply, Chandler disputes Decker's contention that the limitation period did not start to run until the date he claims he learned he would have to serve a three year MSR term. Chandler also argues that even if Decker is entitled to a later start date for the one year limitation period, that date was February 2006, when he says he was told his MSR term would be three years. Decker did not file his post-conviction petition until eighteen months after that. Chandler argues that all of the intervening time counts against the one year limitation period, making Decker's petition untimely. She also argues that Decker is not entitled to equitable tolling because he did not diligently pursue his rights during the interim period.

## Discussion

Under 28 U.S.C. § 2244(d)(1),

> A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (eliminating inapplicable subsections).

Chandler contends that the limitation period started to run when Decker's conviction became final. She argues that because this was before the date on which section 2244(d) took effect, April 24, 1996, the one year limitation period began to run on that date. Chandler also contends that there is no later "factual predicate" that, under section 2244(d)(1)(D), permits a later start date for the one year period. She notes that Decker contended in state court that the Illinois Supreme Court's October 6, 2005 decision in *People v. Whitfield*, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), entitled him to relief. Chandler argues, however, that a court decision establishing a legal principle cannot constitute a factual predicate under section 2244(d)(1)(D).

In *Whitfield*, the defendant contended he had pled guilty based on a promise of a specific sentence that included no reference to an MSR term. Illinois law, however, required a three year MSR term. The Illinois Supreme Court ruled in *Whitfield* that it

4

violated due process for the defendant to be given a sentence different from the one he had been promised in return for his guilty plea.

Chandler is correct that *Whitfield* cannot serve as a "factual predicate" under section 2244(d)(1)(D). Specifically, a court decision establishing an abstract proposition of law that is arguably beneficial to a particular habeas corpus petitioner is not a "factual predicate" within the meaning of 2244(d)(1)(D). *Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007).

Chandler's argument, however, misunderstands the nature of Decker's claim. *Whitfield* may have provided the substantive basis for Decker's state post-conviction petition, but the factual predicate for his due process claim is the disparity between what he was told at the time of his guilty plea about the length of his MSR term and the length of the term that he actually is required to serve. Decker argues that he did not become aware until February 2006 that he would have to serve a three year MSR term.

The disparity between what Decker was told at the time of his guilty plea and what he learned later is a factual matter, not an abstract legal principle. As a result, *Lo v. Endicott* does not preclude Decker from asserting that he could not have learned the factual predicate for his claim prior February 2006. And Chandler does not contend in her motion or her reply brief that Decker should have been aware of the disparity before that date. Based upon the record before the Court, the Court concludes that under section 2244(d)(1)(D), the one year limitation period began to run no earlier than February 2006.

Decker is not, however, entitled to a later start date than February 2006. The Court understands Decker to contend that he did not learn the factual predicate for his

5

claim until he actually obtained the transcript of his guilty plea in July 2007. The Court rejects Decker's contention, though the point is debatable. Decker was present at the time of his guilty plea and is fairly deemed to have heard the judge tell him that he would have to serve a thirty day MSR term. As a result, once Decker learned in February 2006 that he actually would have to serve a three year MSR term, he was on notice of the disparity and thus of the factual predicate for his due process claim.

This conclusion is, in the Court's view, required by the Seventh Circuit's decision in *Lloyd v. Van Natta*, 296 F.3d 630 (7th Cir. 2002), in which the court dealt with a different but related question. In *Lloyd*, the petitioner (Lloyd) sought a writ of habeas corpus on the ground that the prosecutor in Lloyd's criminal case had engaged in misconduct during closing argument. Lloyd filed his habeas corpus petition more than one year after his conviction became final but argued that the delay was caused by an external impediment, namely the state's failure to provide him with a complete transcript of his trial. He argued that this entitled him to a later start date for the limitation period under 28 U.S.C. §2244(d)(1)(B) and alternatively that he was entitled to the benefit of equitable tolling. The court rejected Lloyd's argument. On the issue of equitable tolling, the court concluded that "Lloyd was present at his trial and knew the basis on which he could have asserted prosecutorial misconduct; under these circumstances, a petitioner does not need a transcript to proceed with filing a habeas corpus petition." *Id.* at 633-34.

Decker is in a position similar to that of the petitioner in *Lloyd.* He was present at his guilty plea hearing and had actual, or at least constructive, knowledge that he had been told his MSR term would be six months. Once he learned the truth was different,

under *Lloyd* he had what he needed to file a petition. The fact that he did not yet have conclusive evidence of the disparity does not entitle him to a later start date for the one year limitation period.[1]

Decker argues alternatively that the limitation period should be equitably tolled through the date he obtained the guilty plea transcript because he was attempting diligently to obtain the transcript up until that date. *Lloyd* also makes it clear, however, that this argument cannot succeed. Again, as the Seventh Circuit ruled in *Lloyd*, a habeas corpus petitioner does not need a transcript to be able to file a petition in this sort of situation.

There is one post-*Lloyd* development that the Court must address. In *Lloyd*, the Seventh Circuit noted that it had not yet determined whether the principle of equitable tolling applies to the limitation period in section 2244(d). *Id.* at 633. Since then, the Supreme Court has resolved that issue. In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Court ruled that section 2244(d)'s limitation period is subject to equitable tolling in appropriate cases. *Id.* at 2560.

---

[1] One potential problem not accounted for in this analysis is the fact that Illinois law typically requires a post-conviction petitioner to attach to his petition evidentiary materials supporting his claim. *See* 725 ILCS 5/122-2. And federal law requires a federal habeas corpus petitioner to exhaust state remedies, such as by filing a post-conviction petition, before filing in federal court. Thus a person in Decker's position who does not have a pertinent transcript could get caught in the switches due to, on the one hand, his inability to file a proper state post-conviction petition and the rule of *Lloyd* that the absence of a transcript does not excuse filing a federal habeas corpus petition. But because *Lloyd* and the limitation period under section 2244(d) focus on when the federal petition is filed, this potential Catch-22 does not excuse Decker's late filing (though reasonable minds could differ on that point).

In the Court's view, however, *Holland* does not undermine the continuing vitality of *Lloyd*. In *Lloyd*, the Seventh Circuit assumed that equitable tolling applied and used a standard for tolling that was similar to, and certainly not tougher than, the one the Supreme Court approved in *Holland*. In *Holland*, the Supreme Court ruled that a habeas corpus petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently but that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. In *Lloyd*, the Seventh Circuit considered whether, "despite the exercise of reasonable diligence, [Lloyd could not] have discovered all the information he needed in order to be able to file his claim on time." *Lloyd*, 296 F.3d at 633 (internal quotation marks omitted). If, as in *Lloyd*, the unavailability of a court transcript cannot be considered to have prevented a petitioner who was present at the court hearing from discovering the information he needed to file a timely habeas corpus petition, that same fact cannot be said, under the *Holland* standard, to prevent timely filing of a habeas corpus petition.

Though the Court grants Chandler's motion to dismiss, the Court also issues a certificate of appealability under 28 U.S.C. §2253(c)(1). The question of whether *Lloyd*, a decision concerning 28 U.S.C. § 2244(d)(1)(B), also applies to 28 U.S.C. § 2244(d)(1)(D) is, in the Court's view, debatable among reasonable jurists. Decker has likewise presented a due process claim that is, on its merits, fairly debatable in the Court's view.

**Conclusion**

For the reasons stated above, the Court grants respondent's motion to dismiss [docket no. 8] and directs the Clerk to enter judgment dismissing the petition for habeas corpus. The Court issues a certificate of appealability regarding the issue of whether the petition is time-barred.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 18, 2011