**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| United States of America ex rel. ) | |
| DUSHON DECKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11 C 687 |
| ) | |
| NEDRA CHANDLER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In a decision issued on July 18, 2011, the Court dismissed Dushon Decker's petition for a writ of habeas corpus, finding it barred by the statute of limitations. In the same decision, the Court issued a certificate of appealability (COA). It concluded, first, that the limitations ruling depended on reasoning that is "debatable among reasonable jurists," and second, that Decker's underlying due process claim was, "on its merits, fairly debatable . . . ." *United States ex rel. Decker v. Chandler*, 11 C 687, 2011 WL 3022395, at *4 (N.D. Ill. July 18, 2011). Respondent, Warden Nedra Chandler, has moved for reconsideration of the issuance of a COA.

When a court dismisses a petition for habeas corpus on procedural grounds, as the Court did in this case, it may issue a COA only if it finds both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In her motion for reconsideration, Chandler challenges only the Court's finding that Decker's due process claim was fairly debatable on the merits.

Decker pled guilty to first degree murder in 1995. Before taking Decker's guilty plea, the state court judge told Decker that he would have to serve thirty days of mandatory supervised release (MSR) after completing his thirty-five year sentence. It is undisputed that this was incorrect. In fact, the law mandated a three-year MSR term. In his habeas corpus petition, Decker contends that he was misinformed, in violation of his due process rights, and that this invalidates the plea. He also contends that due process entitles him to specific enforcement of the terms of the guilty plea as the judge described them.

In seeking reconsideration of the issuance of the COA, Chandler relies almost entirely on *Lockhart v. Chandler*, 446 F.3d 721 (7th Cir. 2006). When the petitioner in *Lockhart* pled guilty, he was told nothing about the mandatory MSR term that would be accompany his sentence. He alleged that the failure to advise him of this significant consequence of his guilty plea violated his due process rights. The Seventh Circuit noted that Lockhart had alleged a plausible due process violation. A federal court may issue a writ of habeas corpus, however, only if the state court's decision regarding the claimed constitutional violation was "contrary to clearly established federal law," meaning that the court "arrive[d] at a conclusion opposite to that reached by [the Supreme Court] on a question of law or . . . decide[d] [the] case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id.* at 723. The Seventh Circuit concluded that the petitioner could not make this showing because of a lack of "Supreme Court precedent for the proposition that a defendant must be advised

of a term of MSR at the time he attempts to enter a plea of guilty. Quite the contrary, the Court has expressly declined to decide such an issue in the very similar context of parole." *Id*. at 724. Thus, the petitioner "face[d] an impossible hurdle in showing that the state court contradicted, or unreasonably applied clearly established federal law as determined by the Supreme Court because the Court has expressly declined to decide the issue." *Id*.

Decker's claim differs from Lockhart's in a legally significant way. Lockhart claimed he was not told about MSR and that the state court judge was obligated to advise him about it. Decker, by contrast, claims that the state court judge gave him false information about MSR. Though it is true that the Supreme Court has never found that MSR is one of the things a judge must tell a defendant about in taking a guilty plea, it is equally true that the Supreme Court unequivocally stated, twenty-five years before Decker pled guilty, that a guilty plea caused by misrepresentation violates due process. *See Brady v. United States*, 397 U.S. 742, 755 (1970) (a guilty plea cannot stand if "induced by . . . misrepresentation (including unfulfilled or unfulfillable promises)"). In short, the Supreme Court has not treated misrepresentation the same way that it has treated non-disclosure in the guilty plea context. For this reason, Decker's case is not controlled by *Lockhart*. Decker also has a viable claim, in the Court's view, to specific performance as a matter of due process under *Santobello v. New York*, 404 U.S. 257 (1971).

For these reasons, the Court denies Chandler's motion to reconsider [docket no. 18].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 6, 2011